UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:15-652 |
| | § | CIVIL NO. 2:22-84 |
| JUSTIN RYAN SERNA, | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION & ORDER**

Defendant/Movant Justin Ryan Serna has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 92.[1] Pending before the Court is the United States of America's (the "Government") Motion to Dismiss (D.E. 95), wherein the Government moves the Court to dismiss the motion as untimely, procedurally defaulted, and refuted by the record. Movant has responded. D.E. 96.

**I. BACKGROUND**

Movant was charged with the attempted sexual exploitation of a child. He pled guilty to the single count of the indictment and was sentenced on January 21, 2016, to 180 months' imprisonment, to be followed by 10 years' supervised released.

On appeal, Movant argued that: (1) the district court misapplied the sentencing factors in 18 U.S.C. § 3553(a) and abused its discretion in not granting Movant a downward departure; (2) the district court erroneously interpreted and applied the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B)(i) for using a computer during the commission of the crime; (3) the indictment was insufficient to allege an offense or confer jurisdiction on the federal courts; and (4) the factual

---

1. Docket entry references (D.E.) are to the criminal case.

1

basis for his plea was insufficient. The Fifth Circuit affirmed Movant's conviction and sentence in an unpublished opinion issued April 26, 2017. *United States v. Serna*, 688 F. App'x 241, 242 (5th Cir. 2017). On October 30, 2017, the Supreme Court denied his petition for certiorari. *Serna v. United States*, 138 S. Ct. 414 (2017).

Movant filed his current motion under 28 U.S.C. § 2255 on April 12, 2022.

## II. MOVANT'S ALLEGATIONS

Movant's motion raises a single ground for relief. He alleges that he was charged with attempted sexual exploitation of a minor; however, his attorneys, the Government, the Court, and the Fifth Circuit have treated him as if he was convicted of completed sexual exploitation of a minor. As relief, Movant requests that the Court vacate his sentence, set aside his conviction, and dismiss the indictment for want of prosecution.

## III. ANALYSIS

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

**B. Statute of Limitations**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

The Supreme Court denied Movant's petition for certiorari on October 30, 2017, and his conviction was "final" that day. FED. R. APP. P. 4(b)(1)(A)(i); *Clay*, 537 U.S. at 527. Movant did not file his § 2255 motion until April 12, 2022—three and a half years after the statute of limitations expired on October 30, 2018.

Equitable tolling may allow for a late-filed motion, but such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Movant's § 2255 motion contains a statement alleging that defense counsel, the Government, and the Court all misled him into believing that he was convicted of completed sexual abuse of a minor, instead of attempted sexual abuse of a minor. He did not raise this issue on appeal and states that he only "discovered" it in May of 2021.

Movant has presented no facts suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his § 2255 motion. The Court finds that Movant's motion is untimely. Thus, the Court need not consider the Government's additional argument that the motion is procedurally defaulted and refuted by the record.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 RULES.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (D.E. 95) is **GRANTED**, Movant's motion under 28 U.S.C. § 2255 (D.E. 92) is **DENIED,** and Movant is **DENIED** a Certificate of Appealability.

It is so **ORDERED** this 6th day of July, 2022.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE